UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80062-CR-MIDDLEBROOKS(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY RAUL DEL VALLE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**SENTENCING MEMORANDUM AND
MOTION FOR UPWARD VARIANCE**

The defendant's properly calculated guidelines range is 33 to 41 months with a mandatory minimum term of five years to be imposed consecutively. This guidelines range does not adequately account for the callous disregard the defendant showed for all three victims' lives. The United States therefore respectfully recommends the Court vary upward and sentence the defendant to a total term of imprisonment of twenty years.

This matter involves the fatal overdose of two victims and a third victim who also overdosed and survived only due to Narcan. Both victims died less than two hours after the defendant distributed the pills to them. The evidence clearly established that he was their only drug dealer.

Despite their deaths, the defendant continued distributing to Victim 3. When the defendant learned of each victim's death, he expressed zero remorse, instead focusing on his need to be paid. (Government Trial Ex. 21a at 1 [DE 63-13]; Government Trial Ex. 23a at 2[DE 63-15].) At the arranged meeting for a third distribution, the defendant fully cased the exterior of the house before breaking into the victims' home to lay in wait to ambush Victim 3. Even knowing that two victims

1

had just passed away within mere hours of his distribution, he nevertheless fully intended to distribute ten additional pills to Victim 3.

The defendant has demonstrated his utter lack of respect for the law and his clear propensity for violence. The defendant threatened Victim 3 to pay the drug debt owed:

> Because Jen was supposed to pay me today, and I have some people that need that money and if that, if they don't have their money by today, there's gonna be some problems. So, and you're gonna be dealing with a lot of people, a lot of, you know, worse people than me.

(Government Trial Ex. 20a at 3 [DE 63-12].) The defendant showed his full intent to back up those threats by bringing a loaded, stolen firearm to the meeting, with one round in the chamber, ready for discharge. The defendant relied on an additional show of force when he compelled Victim 3 to empty his pockets, taking $200 in cash and Victim 2's bank card, before brandishing Victim 3's own knife to frogmarch Victim 3 to the pawn shop. Even after law enforcement intervened to arrest the defendant, he continued to endanger the public by fleeing, destroying two neighbors' fences, all the while reaching for his waistband where the firearm was stored.

The defendant exploited the vulnerabilities of the victims. He preyed on their desperation for oxycodone to line his own pockets. The degree of his exploitation was remarkable: he knew when they received their disability checks. (Government Trial Ex. 20a at 3 [DE 63-12]) and the passcode to the bank card (Government Trial Ex. 23a at 2 [DE 63-15].) Had the victims received genuine oxycodone, they would not be dead. Because of the defendant's greed, two victims died. Even after learning of their deaths, he fully intended to sell the same product to Victim 3 again.

The sentence imposed must be significant to promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. The defendant's lack of previous criminal history bears no weight here, given his headlong flight from law enforcement and his willingness to turn to vigilantism using his loaded firearm and Victim 3's knife.

Additionally, the distribution of counterfeit opioids is a scourge on the United States. The sentence imposed must be significant to afford adequate deterrence to other would-be drug dealers.

## CONCLUSION

For the foregoing reasons, the United States requests that the Court impose a total sentence of twenty years.

                                          Respectfully submitted,

                                          HAYDEN P. O'BYRNE
                                          UNITED STATES ATTORNEY

By:   /s/ Alexandra Chase
        ALEXANDRA CHASE
        ASSISTANT UNITED STATES ATTORNEY
        District Court No. A5501746
        500 South Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        Tel: (561) 209-1011
        Fax: (561) 659-4526
        alexandra.chase@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                          /s/ Alexandra Chase
                                          ALEXANDRA CHASE
                                          Assistant United States Attorney